**Ali MEHDIPOUR, Plaintiff–Appellant,**

v.

**Judge Susan W. BRAGG, individually and in her official capacity as District Judge of Oklahoma County District Court; Irven R. Box, attorney; and**

Tommy Ferguson, individually and in his official capacity as Deputy Court Clerk of Oklahoma County, Defendants–Appellees.

No. 01–6209.

United States Court of Appeals, Tenth Circuit.

Dec. 12, 2001.

Before EBEL, KELLY and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Ali Mehdipour appeals the district court's dismissal of his present pro se action under 42 U.S.C. § 1983. Mehdipour is a state prisoner whose appeal of his conviction for distributing a controlled substance recently was denied by the Oklahoma Court of Criminal Appeals. The district court dismissed his claims, and we affirm.

In the present action, Mehdipour asserts that Oklahoma District Court Judge Susan Bragg violated his constitutional rights by refusing to rule on his motion to proceed pro se with his state appeal, conspiring to deny Mehdipour access to his appellate record, and acting in bad faith by transferring his application to proceed pro se to another county. Each of these claims clearly is barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Mehdipour further alleges that Judge Bragg violated his rights by telephoning the prison at which Mehdipour was incarcerated and falsely reporting that Mehdipour had "cussed at her," thereby causing the prison to place Mehdipour in segregation for ten days. The district court held that this claim was barred by absolute judicial immunity as well because "it was undertaken in the context of a criminal case over which [Judge Bragg] presided." Order of Dismissal at 2. On appeal, Judge Bragg argues that her conduct was subject

---

\* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to absolute immunity because her contact with Mehdipour would have occurred in her chambers, and that she therefore had a right to contact the facility to notify them of Mehdipour's behavior.

We need not decide the difficult question of whether Judge Bragg's action in calling the prison by telephone to report Mehdipour's "cuss[ing] at her" was a "judicial act" sufficient to trigger absolute judicial immunity, *Stump,* 425 U.S. at 362, 96 S.Ct. 1592, because we hold that Mehdipour's claim regarding Judge Bragg's call and his resulting placement in segregation is foreclosed by *Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that punishment of thirty days in segregated confinement does not implicate any due process liberty interest).

We reject Mehdipour's arguments regarding his claims against Tommy Ferguson and Irven Box substantially for the reasons given by the district court.

For the foregoing reasons, we AFFIRM.